IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. OMAR CHAIDEZ, | ) ) ) | |
| Petitioner, | ) | No. 11 C 1755 |
| v. | ) ) | Judge Robert W. Gettleman |
| NEDRA CHANDLER, Warden, Dixon Correctional Center, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Omar Chaidez, an inmate incarcerated at the Dixon Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. Respondent Nedra Chandler has filed a motion to dismiss the petition as time-barred. For the following reasons, the court grants respondent's motion to dismiss the habeas petition with prejudice and declines to issue a certificate of appealability.

## BACKGROUND

After a jury trial, petitioner was found guilty of first-degree murder. The evidence presented at petitioner's trial differed slightly from that presented at the trials of his three codefendants, but generally showed that on September 24, 1993, the four of them attacked a car in which James Manzella and Jason Balthazar were riding. One of petitioner's codefendants, Victor Salgado, shot Manzella twice and killed him. Salgado was found guilty as the principal n the first degree murder of Manzella, and after a separate trial, petitioner was convicted on a theory of accountability for Manzella's murder. Salgado was sentenced to 50 years' imprisonment for Manzella's murder, and a consecutive 20-year sentence for the attempted murder of Balthazar. Petitioner was sentenced to 40 years' imprisonment, and his two

codefendants received 40 and 48 year sentences. (The same judge presided over each of the trials and sentenced all four defendants.) Petitioner appealed his conviction and sentence, and the Illinois Appellate Court affirmed. People v. Chaidez, No. 1-95-0308, 698 N.E. 2d 718 (Ill. App. Ct. Jan. 31, 1996) (unpublished order pursuant to Illinois Supreme Court Rule 23(c)). The Illinois Supreme Court denied petitioner's petition for leave to appeal ("PLA"). Order, People v. Chaidez, 671 N.E2d 735 (Ill. Oct. 6, 1996) (tables).

On March 23, 1998, Salgado filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq., raising various claims of ineffective assistance of trial and appellate counsel, including a claim that appellate counsel should have challenged the excessive and consecutive nature of his sentences. Salgado's appointed counsel filed a supplemental petition, which argued that trial and appellate counsel were ineffective for failing to challenge Salgado's consecutive sentences and the State's submission of an attempted murder instruction. The court vacated Salgado's attempted murder conviction, finding that Salgado's appellate counsel was ineffective for failing to challenge, (1) the sufficiency of the evidence to sustain Salgado's attempted murder conviction, and (2) the attempted murder jury instruction. See People v. Chaidez, 932 N.E.2d 113, 117 (Ill. App. Ct. 2010). The court found that because, in sentencing Salgado for murder, the original sentencing court had considered the attempted murder conviction as an aggravating factor, a new sentencing hearing was required. See id. On December 1, 2000, that court resentenced Salgado to 28 years' imprisonment. In arriving at that sentence, the court found that Salgado's accomplishments in prison demonstrated exceptional rehabilitative potential. See id.

On May 22, 2002, petitioner and one of his codefendants filed pro se postconviction petitions challenging the disparity between Salgado's 28-year sentence and their considerably

2

longer sentences for involvement in the same offense. The trial court denied the State's motion to dismiss those petitions, see id. at 118, and held an evidentiary hearing on the petitions at which the original sentencing judge testified. After that hearing, the court dismissed the petitions, finding that the judge who resentenced Salgado incorrectly determined that the evidence did not support an attempted murder conviction, that an attempted murder instruction was improper, and that the original sentencing court had taken into account the attempted murder conviction in fashioning Salgado's murder sentence. See id. at 119. Petitioner and his codefendants filed motions to reconsider the denial of their postconviction petitions, which the court denied. See id. The Illinois Appellate Court affirmed, id. at 124, and the Illinois Supreme Court denied petitioner's PLA. Order, People v. Chaidez, No. 110839 (Ill. Nov. 24, 2010).

On February 19, 2011, petitioner placed the instant petition for a writ of habeas corpus in the institutional mail at Dixon Correctional Center.[1]

## DISCUSSION

**I.      Respondent's Motion to Dismiss**

Respondent correctly argues that petitioner's habeas petition is time-barred because petitioner failed to file it within the one-year limitations period. 28 U.S.C. § 2244(d)(1)-(2). Unless a petitioner's claim turns on a newly discoverable factual predicate or newly recognized constitutional right, or could not have been timely filed due to a State impediment, see 28 U.S.C. § 2244(d)(1)(B)-(D), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28

---

[1] For purposes of this motion, the court construes that date as the date on which the petition was filed. See Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.

U.S.C. § 2244(d)(1)(A). The Illinois Supreme Court denied petitioner's PLA on October 6, 1996, and petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. The judgment thus became final on January 6, 1997—90 days after the Illinois Supreme Court's October 6, 1996, order. See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002). The limitations period ran from January 7, 1996, through January 7, 1997, when it expired.

Petitioner's claim is that his codefendant's resentencing on December 1, 2000, created an unconstitutional sentencing disparity, and his response to the instant motion alludes to the argument that the start date for the one-year limitations period was December 1, 2000, when the factual predicate of his claim became discoverable. Under this theory, however, the petition is still untimely, because the statute of limitations would then have expired on December 1, 2001. Petitioner filed nothing to toll the statute of limitations during that period; he did not file his postconviction petition until over seven months later, on May 22, 2002. Petitioner's postconviction proceedings ended when the Illinois Supreme Court denied his PLA on November 24, 2010.[2] He then waited an additional 86 days after the denial of his postconviction petition before he filed the instant petition. Petitioner claims that his petition was timely filed because he waited only 86 days after his postconviction petition was denied, but this argument ignores the fact that the one-year limitations period had already expired on December 1, 2001.

Petitioner is not entitled to equitable tolling, which excuses an untimely petition only when a petitioner demonstrates, "(1) that he has been pursuing his rights diligently, and (2) that

---

[2] A habeas petitioner is not entitled to tolling of the 90-day period in which he could have filed, but did not in fact file, a petition for a writ of certiorari to the United States Supreme Court on postconviction review. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008).

some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (internal quotations and citation omitted); see, e.g., Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010). The instant habeas petition includes no facts suggesting that petitioner was diligently pursuing his rights or that extraordinary circumstances stood in his way, nor are any such facts suggested by the record presented to the court. Petitioner argues that his compliance with state court deadlines demonstrates that he has been diligently pursuing his rights, but whether petitioner followed the state-court time limits has no bearing on whether petitioner diligently attempted to timely discover and raise his sentencing disparity claim. Regardless, petitioner has made no attempt to show that an extraordinary circumstance prevented him from timely filing his habeas petition.

## II. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Here, as explained above, petitioner's claim is time-barred. Petitioner has not shown, nor would he be able to show, that reasonable jurists could debate that this court should have resolved that question in a different manner. The court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

Thus, for the reasons discussed above, the court grant's respondent's motion and dismisses with prejudice the petition for a writ of habeas corpus. The court declines to issue a certificate of appealability.

**ENTER: October 14, 2011**

_____

**Robert W. Gettleman
United States District Judge**

6